OPINION
{¶ 1} Defendant-appellant Shawn Marcum appeals his sentence entered by the Licking County Court of Common Pleas, following the trial court's finding appellant guilty after he entered a plea of no contest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On January 16, 2004, the Licking County Grand Jury indicted appellant on one count of felony driving under the influence, in violation of R.C. 4511.19(A)(1) and/or (A)(6); one count of driving under suspension, in violation of R.C. 4507.02(D)(1); and one count of operating a motor vehicle without reasonable control, in violation of R.C. 4511.202. Appellant appeared before the trial court at his arraignment on February 17, 2004, and entered a plea of not guilty to the charges contained in the indictment. The matter proceeded through discovery and pretrial motion hearings.
 {¶ 3} The trial court scheduled the matter for a bench trial on August 27, 2004. Prior to the commencement of the trial, appellant and the State entered into plea negotiations. As part of the plea negotiations, appellant agreed to enter a plea of no contest to the charges contained in the Indictment, and the State agreed to recommend the trial court impose the minimum mandatory sentence for the DUI offense. Both parties believed the mandatory minimum sentence for the violation was sixty days. Appellant subsequently executed the Admission of Guilt/No Contest Form with a handwritten notation indicating he reserved the right to object to enhancement of the minimum mandatory sentence at the time of sentencing. The trial court engaged in a Crim. R. 11 colloquy with appellant. Thereafter, the trial court asked the State to present the facts of the case against appellant. When the State concluded, the trial court asked appellant if he agreed with the facts as presented. Appellant responded affirmatively. The following exchange occurred between appellant and the trial court:
 {¶ 4} "Q. (By the Court) Mr. Marcum, do you agree with the facts that have been submitted?
 {¶ 5} "A. Yes.
 {¶ 6} "Q. Your test is .207 that has been submitted to the Court. That means that the minimum penalties are doubled in this case. There is a minimum mandatory penalty of sixty days, which is enhanced to one hundred twenty days, and the fine of eight hundred dollars is one thousand dollars; you understand that?
 {¶ 7} "A. Yes, I do.
 {¶ 8} "Q. Did your attorney explain that to you?
 {¶ 9} "A. Yes, he did.
 {¶ 10} "Q. That has a change from your form?
 {¶ 11} "A. Yes.
 {¶ 12} "Q. You understand that?
 {¶ 13} "A. Yes, I do.
 {¶ 14} "Q. And this is mandatory?
 {¶ 15} "A. Yes.
 {¶ 16} "Q. You understand that?
 {¶ 17} "A. Yes.
 {¶ 18} "Q. You understand that on the Court accepting our plea, the State will recommend the minimum sentence?
 {¶ 19} "A. Yes, I do." Tr. at 11-12.
 {¶ 20} The trial concluded appellant's plea was freely, voluntarily and understandingly made. The trial court accepted the no contest plea and found appellant guilty based upon the facts presented. The trial court ordered a presentence investigation. Appellant filed a Memorandum on Sentencing on September 23, 2004, arguing the minimum mandatory penalty should not be increased from 60 days to 120 days as appellant did not admit his guilt, but only admitted the facts alleged in the indictment, which did not allege a chemical breath test result of .17 or greater.
 {¶ 21} Appellant appeared for sentencing on September 23, 2004. The trial court imposed a sentence of 120 days on the DUI offense. Via Judgment Entry filed the same day, the trial court memorialized the sentence, noting appellant had entered a plea no contest to the "charge of felony driving under the influence, in violation of O.R.C. Section 4511.19(A)(1)."
 {¶ 22} It is from this judgment entry appellant appeals, raising the following the assignments of error:
 {¶ 23} "I. The trial court erred as a matter of law by enhancing the minimum mandatory sentence of sixty days to one hundred and twenty days upon the basis of a chemical breath test result of .17 or more, when the defendant was convicted of felony driving under the influence in violation of o.r.c. section 4511.19(a)(1).
 {¶ 24} "II. The trial court erred by enhancing the minimum mandatory sentence from sixty to one hundred and twenty days because of an allegation of a high chemical breath test under a felony charge where the breath test was not determined by a jury; was not stipulated by the defendant but rather objected to by the defendant at the time he entered a plea of `no contest', and where the defendant never consented to judicial factfinding upon this issue."
 I {¶ 25} In his first assignment of error, appellant maintains the trial court erred in enhancing the minimum mandatory sentence from 60 days to 120 days based upon a chemical breath test result of .17 or greater. Appellant explains he was convicted of felony driving under the influence, in violation of R.C. 4511.19(A)(1); therefore, is not subject to an enhancement of the mandatory minimum penalty based upon a breath test reading of .17 or greater.
 {¶ 26} In response, the State notes the Admission of Guilt/No Contest Form executed by appellant on August 27, 2004, specifically states appellant was entering a plea of no contest to violations of R.C.4511.19(A)(1) and 4511.19(A)(6). The State adds the trial court's failure to include appellant's no contest plea to the (A)(6) offense in the sentencing entry was inadvertent.
 {¶ 27} It is well established a trial court speaks only through its journal. At the change of plea hearing, the trial court advised the parties it would accept the State's recommendation of the minimum sentence pursuant to the plea agreement, to wit: 60 days. The judgment entry on sentencing only identifies the conviction under (A)(1). Whether the trial court's failure to identify a conviction under (A)(6) was inadvertent is not for us to decide. The conviction entered by the trial court was only under (A)(1). Sixty days is the minimum mandatory for the conviction entered by the trial court. Accordingly, we reverse and remand the matter for resentencing in accordance with the plea agreement and statute under which appellant was convicted.
 {¶ 28} Appellant's first assignment of error is sustained.
 II {¶ 29} In light of our disposition of appellant's first assignment of error, we find appellant's second assignment of error to be moot.
 {¶ 30} The judgment of the Licking County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion and the law.
Hoffman, J. Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed and the matter remanded to the trial court for further proceedings consistent with our Opinion and the law. Costs assessed to appellee.
[1] A statement of the facts is not necessary to our disposition of this appeal.